## 69318. STILLMAN v. TEMPO CARPETS, INC. et al.
### (329 SE2d 197)

Benham, Judge.

Appellant, the owner of the building leased to appellee Tempo Carpets, Inc. ("Tempo"), filed a warrant to dispossess Tempo and its sublessee, appellee Collectible Classic Cars of Georgia, Inc. ("Collectible"), for nonpayment of rent. Collectible filed a counterclaim alleging that appellant was the alter ego of Tempo and as such was liable for the unpaid balance of a $35,000 judgment Collectible had obtained on an earlier counterclaim against Tempo for unlawful interference with property rights and breach of a duty to repair. See *Tempo Carpet Co. v. Collectible &c. Cars*, 166 Ga. App. 564 (305 SE2d 26) (1983). A jury found appellant to be the alter ego of Tempo and held her liable for the unpaid balance of $17,800 on the earlier judgment against Tempo and for an additional $35,000 in actual and punitive damages on the counterclaim filed in the present action. Upon denial of her motion for new trial, appellant brought this appeal, citing eight enumerations of error. We reverse.

1. In appellant's 4th, 5th, and 6th enumerations of error, she argues that there was no evidence that she was the alter ego of appellee Tempo, thus rendering impermissible any recovery against her for the unpaid balance of the earlier judgment against Tempo. We agree.

The evidence showed that appellant and her husband each owned 50 percent of the shares of Tempo and that, while each was an officer and shareholder of the corporation, appellant did not participate in the daily corporate operations nor did she receive profits from the corporation. As part of Tempo's operations it leased a building from Riddick Tire Company. The lease agreement contained an option for Tempo to purchase the building for $275,000. Tempo did not exercise the option, because it could not afford to do so, and later subleased the building to appellee Collectible. Appellant subsequently purchased the building from Riddick in her own name, under different terms from those stated in the option clause, and instructed Collectible to pay rent directly to her instead of Tempo. Collectible did so for a period of time, and appellant deposited those payments in a separate personal account designated for receipts and payments related to her ownership of the building. After Collectible obtained its judgment against Tempo, appellant transferred her Tempo stock to her husband's business partner at her husband's suggestion. At the time of the transfer the stock was worthless, and appellant received no consideration for it. Some of the assets that had formerly belonged to Tempo were later utilized by another carpet company of which appellant was a co-owner.

These facts fail to establish that the alter ego doctrine should have been applied. "There is no showing that the individual [appel-

lant] commingled [her] property, business, or [her] personal affairs with that of the [corporation], or that of the [corporation] with [her] own" (*Farmers Warehouse of Pelham v. Collins*, 220 Ga. 141 (2d) (137 SE2d 619) (1964)), nor was there any showing that the corporate entity was a mere instrumentality for transacting personal affairs or defrauding others. The facts do not support a finding that there was such a "unity of interest and ownership that the separate personalities of the corporation and [a]ppellant no longer exist[ed]." Id. Compare *Sheppard v. Tribble Heating &c.*, 163 Ga. App. 732 (1) (294 SE2d 572) (1982); *Lincoln Land Co. v. Palfery*, 130 Ga. App. 407 (203 SE2d 597) (1973). Therefore, it was error to charge the jury on the alter ego doctrine, to enter judgment against appellant based on that theory, and to deny appellant's motion for judgment notwithstanding the verdict. It follows that it was also error to admit evidence against Tempo over appellant's objection, since it had not been shown that she was the alter ego of Tempo and so bound by that judgment.

2. Since it appears that material evidence was improperly admitted to the jury over appellant's objection, that she was harmed and prejudiced by such admission, and that the evidence necessarily affected the verdict, appellant should be granted a new trial. OCGA § 5-5-22; *McRae v. Boykin*, 50 Ga. App. 866 (1) (179 SE 535) (1935), revd. on other grounds, 182 Ga. 252 (185 SE 246) (1936).

In light of our resolution of this case, we find it unnecessary to address appellant's remaining enumerations of error.

*Judgment reversed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 5, 1985 —
REHEARING DENIED MARCH 21, 1985 — 

*Jere F. Wood*, for appellant.
*George H. Freisem III, John A. Swann*, for appellees.